**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL ESCAMILLA-DOMINGUEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.   16-70114 Agency No. A200-698-131 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:   SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Manuel Escamilla-Dominguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and review de novo constitutional claims. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Escamilla-Dominguez did not establish the required continuous physical presence for cancellation of removal, where Escamilla-Dominguez testified to a different entry date than the date stated on his application, the evidence he submitted regarding his entry date was contradictory, and he provided no other corroborating evidence of an entry date that allowed him to meet the continuous physical presence requirement. *See* 8 U.S.C. § 1229b(b)(1)(A); *Hernandez-Mancilla*, 633 F.3d at 1184 (under the deferential substantial evidence standard, the court will uphold the agency's factual findings unless the evidence compels a contrary result). Accordingly, we are not persuaded by Escamilla-Dominguez's contention that the agency violated due process by making factual findings contrary to the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Escamilla-Dominguez's contention that the agency prevented him from presenting evidence is not supported by the record.

We lack jurisdiction to consider petitioner's unexhausted contentions regarding credibility. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010)

16-70114

("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**